IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICKY COLE,
Prisoner # N12383,

    Petitioner,

v.                                              No. 3:12-cv-176-DRH

KIM BUTLER, Warden,[1]

    Respondent.

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

### I. Introduction

This matter comes before the Court on Magistrate Judge Philip M. Frazier's October 31, 2013 Report and Recommendation ("the Report") (Doc. 26). The Report recommends that the Court deny Cole's petition for a writ of habeas corpus and dismiss the case. Cole filed timely objections (Doc. 30). Based on the following, the Court **ADOPTS** the Report in its entirety.

On February 24, 2012, Cole, *pro se*, filed a petition for writ of habeas corpus pursuant to Section 2254 (Doc. 1). Cole argues seven specific points stemming from his allegedly illegal police treatment and resulting ineffective assistance of counsel both at the trial court level and at the appellate level. The Government thereafter responded arguing that each of petitioner's claims is

---

[1] On or about April 16, 2014, Kim Butler replaced Richard Harrington who had previously replaced Michael Atchison as warden of Menard Correctional Center. Therefore the Court substitutes Kim Butler as respondent.

procedurally defaulted, non-cognizable, barred by statute, or foreclosed by non-retroactivity rules and other longstanding habeas doctrines (Doc. 17).

On October 31, 2013, pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Judge Frazier submitted the Report recommending denial of Cole's petition. The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" by November 18, 2013. On November 6, 2013, petitioner requested and received an extension to file objections. On December 4, 2013, Cole filed objections to the Report.

Cole raises the following five objections (Doc. 30):

1. Police control over petitioner in his home.
2. Petitioner Cole was arrested without probable cause.
3. Direct appeals counsel Ms. Aliza R. Kaliski['s] [] unreasonable conduct prejudiced petitioner, where petitioner lost the opportunity to present evidence, challenging incriminating evidence used by the trial court to convict.
4. Petitioner's motion to quash arrest and suppress evidence.
5. Petitioner's motion to suppress his statement.

Since timely objections have been filed, this Court must undertake *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B). The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.,* 199 F.3d 902, 904 (7th Cir. 1999). In making this determination, the Court must look at all the

evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id.*

## II. Facts

In 2006, Cole was convicted of first-degree murder and sentenced to life in prison. Before trial, petitioner filed two motions: 1) to quash arrest and suppress the resulting evidence and 2) to suppress statements allegedly made as a result of coercion during interrogation at the police station (Doc. 18-1 at 1-2). The Court held an evidentiary hearing on the first motion on July 21, 2005 and an evidentiary hearing on the second motion on October 3, 2005. The trial court denied the motions. At trial, defense counsel renewed the motion to quash arrest and suppress evidence. The trial court again denied petitioner's motion. Counsel thereafter filed a motion for new trial, arguing that the court erred in denying defendant's motion to quash arrest and suppress evidence.

Subsequently Cole unsuccessfully appealed his conviction asserting that trial counsel was ineffective for failing to argue at the hearing on his motion to quash arrest and suppress evidence that he was seized when he accompanied police officers to the police station (Doc. 18-1). On June 30, 2008, the state appellate court affirmed the conviction and denied his petition for leave to appeal ("PLA") on November 26, 2008.

On August 26, 2003, Cole filed a post-conviction petition in State court. He raised nine issues as summarized by the appellate court as follows:

> Defendant alleged that the trial court erred in denying his motion to quash his arrest and suppress evidence, the State failed to conduct a probable

cause hearing, the State failed to notify him that his prior conviction would be used at sentencing, and evidence was improperly seized by the police. Defendant also alleged that his trial counsel rendered ineffective assistance because he failed to file a motion claiming the State did not conduct a probable cause hearing in violation of *Gerstein v. Pugh*, 420 U.S. 103 (1975). Defendant further claimed counsel ignored defendant's repeated requests for trial, failed to thoroughly cross-examine the State's "key witness," and failed to offer testimony at the sentencing hearing. Finally, defendant alleged that his appellate counsel rendered ineffective assistance because he failed to raise meritorious issues on direct appeal.

(Doc. 18-8 at 2). The circuit court dismissed defendant's petition as frivolous and without merit. On May 24, 2011, the appellate court affirmed the trial court's judgment. On September 28, 2011, the Illinois Supreme Court denied his PLA.

### III. Analysis

The Anti–Terrorism and Death Penalty Act of 1996 ("AEDPA") allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available state remedies and fairly presented all of the claims in his habeas petition to the state courts. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir.2004); *Spreitzer v. Schomig*, 219 F.3d 639, 644 (7th Cir.2000).

In order for a federal court to address the merits of a habeas petition, the petitioner must have exhausted his available remedies in state court and not have any of his claims procedurally defaulted. 28 U.S.C. § 2254(b)(1)(A); *Farrell v.*

*Lane*, 939 F.2d 409, 410 (7th Cir.1991). These limitations allow state courts a fair opportunity to hear and act on a petitioner's claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

The procedural default doctrine prevents the federal court from reaching the merits of a petitioner's habeas petition when either "(1) that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds, or (2) the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 & n. 1 (1991)). It is the second type of procedural default that respondent argues is at issue in this case. A petitioner is required to present his federal habeas claim through one complete round of state court review, either on direct appeal or through a post-conviction petition. *McDowell v. Lemke*, 737 F.3d 476, 482 (7th Cir.2013). In Illinois, this means that a petitioner must have raised the claim on appeal and then presented the claim again in a petition for leave to appeal to the Illinois Supreme Court. *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007). When a petitioner has exhausted his state court remedies, but fails to raise his federal claim at each level of state review then his claim is procedurally defaulted. *Id.*

A petitioner's claim which has been procedurally defaulted is usually barred from habeas review, unless the petitioner can show cause and prejudice for the default or he can show that the denial of relief will result in a fundamental

miscarriage of justice. *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir.2010). A petitioner can show cause by demonstrating that some sort of external factor prevented him from presenting his habeas claim to the state court. *Lewis*, 390 F.3d at 1026. "Prejudice is established by showing that the violation of the petitioner's federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.' " *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original)).

A petitioner may also overcome a procedural default by showing that the denial will result in a fundamental miscarriage of justice. To show a fundamental miscarriage of justice, the petitioner must show that "he is actually innocent of the offense . . . , [in other words] that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995)). To show actual innocence, a petitioner must support his allegations "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. 298, 324 (1995); *Coleman v. Lemke*, 739 F.3d 342, 349 (7th Cir. 2014).

Petitioner's objections to the Report largely amount to a factual disagreement regarding the underlying events of claims 1 and 3-5, specifically his arrest and subsequent interrogation. As indicated in the Report, petitioner's claims 1 and 3-5 are procedurally defaulted because he did not pursue them on

direct appeal.  He does not present new reliable evidence to this Court but merely his statements presented in his objections.

Petitioner also fails to establish prejudice or actual innocence to overcome the procedurally defaulted claims.  In his objections, he asserts that his direct appeals counsel Ms. Aliza R. Kaliski's unreasonable conduct prejudiced him.  Specifically, he argues that she failed to advance the strongest argument in support of the motion to quash arrest and suppress evidence.  Petitioner has failed to plead any facts either before the Magistrate Judge or in his objections to support this blanket assertion.

Therefore the Court agrees with the Report's conclusion that Cole's petition be denied and his action dismissed.

### IV.   Certificate of Appealability

Petitioner also filed a motion for certificate of appealability (Doc. 31).  However, petitioner's motion was premature as the Court had not yet entered a final order on his petition.  RULES GOVERNING SECTION 2254 CASES, RULE 11(A) ("The district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant.")  Therefore the Court **DENIES** petitioner's motion for certificate of appealability.

As the Court is now entering a final order, the Court will independently review whether a COA should be issued.  A COA may issue only if the applicant has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement has been interpreted by the Supreme Court to

mean that an applicant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-el v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Here, the undersigned finds no basis for a determination that the Court's decision to dismiss petitioner's claims is debatable or incorrect. Petitioner's claims are either procedurally defaulted, non-cognizable, or barred by clearly established case law.

### V. Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 26). Petitioner Ricky Cole's petition for a writ of habeas corpus pursuant to Section 2254 (Doc. 1) is **DENIED** and Cole's case is **DISMISSED with prejudice.** The Clerk of the Court is **DIRECTED** to enter judgment accordingly. Petitioner's motion for certificate of appealability (Doc. 31) is **DENIED** as premature. Upon its own review, the Court concludes that it shall not issue a certificate of appealability.

**IT IS SO ORDERED.**
Signed this 22nd day of July, 2014.

Digitally signed by David R. Herndon
Date: 2014.07.22 15:51:01 -05'00'

**Chief Judge**
**United States District Court**